MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
RULDER A. RODRIGUEZ YAX and LUIS
FERNANDO CIPRIANO CAPIR, *individually*
*and on behalf of others similarly situated,*

|  |  |
|---|---|
| | **18-cv-01936-AMD-RLM** |
| *Plaintiffs*, | **FIRST AMENDED COMPLAINT** |

-against-

CANCUN AND CANCUN CORP (D/B/A
DELICIAS MEXICANAS), LA NORTENA
RESTORANT INC. (D/B/A LA NORTENA),
BLUE WATER RESTAURANT CORP.
(D/B/A BLUE WATER RESTAURANT),
ISAURO VALDEZ, BRAULIO VALDEZ, and
ARTURO R. HERNANDEZ,

*Defendants.*
-------------------------------------------------------X

Plaintiffs Rulder A. Rodriguez Yax and Luis Fernando Cipriano Capir, individually and on

behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys,

Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against Cancun and

Cancun Corp (d/b/a Delicias Mexicanas), La Nortena Restorant Inc. (d/b/a La Nortena), Blue

Water Restaurant Corp. (d/b/a Blue Water Restaurant), ("Defendant Corporations"), Isauro

Valdez,  Braulio Valdez, and  Arturo R. Hernandez, ("Individual Defendants"), (collectively,

"Defendants"), allege as follows:

## NATURE OF ACTION

1.      Plaintiffs are former employees of Defendants Cancun and Cancun Corp (d/b/a Delicias Mexicanas), La Nortena Restorant Inc. (d/b/a La Nortena), Blue Water Restaurant Corp. (d/b/a Blue Water Restaurant), Isauro Valdez, Primo Flores, Braulio Valdez, Pedro Luna, and Arturo R. Hernandez.

2.      Defendants Cancun and Cancun Corp., Isauro Valdez, and Braulio Valdez currently own, operate, and/or control a Mexican Restaurant, located at 10214 Roosevelt Ave Corona, NY 11368 under the name "Delicias Mexicanas." From approximately March 2015 until July 2016 the restaurant was owned, operated, and/or controlled by Blue Water Restaurant Corp. and the individuals Isauro Valdez, Braulio Valdez, and Arturo R. Hernandez, and operated at the same location under the name Delicias Mexicanas Blue Water Bar & Restaurant. From at least 2012 until approximately March 2015, the restaurant was known as La Nortena and owner and operated by La Nortena Restorant Inc., and the individual Isauro Valdez.

3.      Upon information and belief, individual Defendants Isauro Valdez, Primo Flores, Braulio Valdez, Pedro Luna, and Arturo R. Hernandez, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the restaurant as a joint or unified enterprise.

4.      Plaintiffs were employees of Defendants.

5.      Plaintiffs were employed as cooks at the restaurant located at 102-14 Roosevelt Ave Corona, NY 11368.

6.      Further, throughout his first year of employment with Defendants, Plaintiff Cipriano also was ostensibly employed as a dishwasher and a delivery worker. However, he was required to spend a considerable part of his work day performing non-tipped duties, including but not

limited to washing dishes, taking out trash, cutting vegetables, bringing food to the chef, sweeping and moping the restaurant, hereafter the ("non-tipped duties").

7.    At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that they worked.

8.    Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

9.    Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

10.    Furthermore, Defendants repeatedly failed to pay Plaintiffs wages on a timely basis.

11.    Throughout his first year of employment, Defendants employed and accounted for Plaintiff Cipriano as a delivery worker and dishwasher, but in actuality his duties required a significant amount of time spent performing non-tipped duties alleged above.

12.    Regardless, at all relevant times, Defendants paid Plaintiff Cipriano at a rate that was lower than the required tip-credit rate.

13.    However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Cipriano's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

14.    Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Cipriano's actual duties in payroll records by designating him as a delivery worker instead of non-tipped employee. This allowed Defendants to avoid paying Plaintiff Cipriano at the minimum wage rate and enabled them to pay him at or below the tip-credit rate.

15.    Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

16.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

17.    In or about March 2015, Blue Water Restaurant Corp. purchased or otherwise acquired control of the restaurant owned and operated by La Nortena Restorant Inc.  La Nortena Restorant Inc. is unable to provide complete relief to Plaintiffs; there has been a substantial continuity in the business operations of the restaurant since Blue Water Restaurant Corp. acquired control; Blue Water Restaurant Corp. used the same location, work force, and supervisory personnel as was used by La Nortena Restorant Inc.; the same jobs that existed under La Nortena Restorant Inc. existed under the same working conditions under Blue Water Restaurant Corp.; Blue Water Restaurant Corp. used the same equipment as was used by La Nortena Restorant Inc.; and Blue Water Restaurant Corp. provides the same services as were sold by La Nortena Restorant Inc.  Accordingly, Blue Water Restaurant Corp. was a substantial continuity of La Nortena Restorant Inc.  in operating the restaurant

18.    In or about June 2016, Cancun and Cancun Corp. purchased or otherwise acquired control of the restaurant owned and operated by Blue Water Restaurant Corp. Blue Water Restaurant Corp. is unable to provide complete relief to Plaintiffs; there has been a substantial continuity in the business operations of the restaurant since Cancun and Cancun Corp. acquired control; Cancun and Cancun Corp. uses the same location, work force, and supervisory personnel as was used by Blue Water Restaurant Corp.; the same jobs that existed under Blue Water

- 4 -

Restaurant Corp. exist under the same working conditions under Cancun and Cancun Corp.; Cancun and Cancun Corp. uses the same equipment as was used by Blue Water Restaurant Corp.; and Cancun and Cancun Corp.. provides the same services as were sold by Blue Water Restaurant Corp.   Accordingly, Cancun and Cancun Corp. is a substantial continuity of Blue Water Restaurant Corp. in operating the Delicias Mexicanas restaurant.

19.     Plaintiffs now bring this action on for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

## JURISDICTION AND VENUE

20.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

21.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Mexican Restaurant located in this district. Further, Plaintiffs were employed by Defendants in this district.

## PARTIES

*Plaintiffs*

22.    Plaintiff Rulder A. Rodriguez Yax ("Plaintiff Rodriguez" or "Mr. Rodriguez") is an adult individual residing in Queens County, New York.

23.    Plaintiff Rodriguez was employed by Defendants at Delicias Mexicanas from approximately 2006 until on or about December 31, 2015.

24.    Plaintiff Luis Fernando Cipriano Capir ("Plaintiff Cipriano" or "Mr. Cipriano") is an adult individual residing in Queens County, New York.

25.    Plaintiff Cipriano was employed by Defendants at Delicias Mexicanas from approximately March 2016 until on or about June 2017.

*Defendants*

26.    Defendants owned, operated, or controlled a Mexican restaurant located at 10214 Roosevelt Ave Corona, NY 11368.

27.    Upon information and belief, Cancun and Cancun Corp (d/b/a Delicias Mexicanas) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 102-14 Roosevelt Ave Corona, NY 11368.  Upon information and belief it has owned and operated the restaurant Delicias Mexicanas since on or about June 15, 2016.

28.    Upon information and belief, La Nortena Restorant Inc. (d/b/a La Nortena) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintained its principal place of business at 102-14 Roosevelt Ave Corona, N.Y. 11368.  Upon information and belief it operated the restaurant La Nortena since at least 2012 until on or about March 2015.

29.    Upon information and belief, Blue Water Restaurant Corp. (d/b/a Blue Water Restaurant) is a domestic corporation organized and existing under the laws of the State of New

York. Upon information and belief, it maintains its principal place of business at 102-14 Roosevelt Ave Corona, N.Y. 11368.  Upon information and belief it owned and operated the restaurant Delicias Mexicanas Blue Water Bar & Restaurant for on or about March 2015 until on or about June 15, 2016.

30.   Defendant Isauro Valdez is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Isauro Valdez is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Isauro Valdez possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

31.   Defendant Braulio Valdez is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Braulio Valdez is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations Blue Water Restaurant Corp. and Cancun and Cancun Corp.  Defendant Braulio Valdez possessed operational control over Defendant Corporations Blue Water Restaurant Corp. and Cancun and Cancun Corp, an ownership interest in Defendant Corporations Blue Water Restaurant Corp. and Cancun and Cancun Corp, and/or controlled significant functions of Defendant Corporations Blue Water Restaurant Corp. and Cancun and Cancun Corp. He determined the wages and compensation of the employees of Defendants Blue Water Restaurant Corp. and Cancun and Cancun Corp, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

32.     Defendant Arturo R. Hernandez is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Arturo R. Hernandez is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation Blue Water Restaurant Corp. Defendant Arturo R. Hernandez possessed operational control over Defendant Corporation Blue Water Restaurant Corp., an ownership interest in Defendant Corporation Blue Water Restaurant Corp., and controlled significant functions of Defendant Corporation Blue Water Restaurant Corp. He determines the wages and compensation of the employees of Defendant Blue Water Restaurant Corp., including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

33.     Defendants operated a Mexican restaurant located in Corona neighborhood of Queens in New York City.

34.     Individual Defendants Isauro Valdez, Braulio Valdez, and Arturo R. Hernandez, possessed operational control over Defendant Corporations, possessed ownership interests in Defendant Corporations, and/or controlled significant functions of Defendant Corporations.

35.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

36.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

37. Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

38. In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

39. Upon information and belief, Individual Defendants Isauro Valdez, Braulio Valdez, and Arturo R. Hernandez operate Defendant Corporations as either alter egos of themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

    a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

    b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c) transferring assets and debts freely as between all Defendants,

    d) operating Defendant Corporations for their own benefit as the sole or majority shareholders,

    e) operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

    f) intermingling assets and debts of their own with Defendant Corporations,

    g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

    h) Other actions evincing a failure to adhere to the corporate form.

40.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

41.     In each year from 2015 to 2017, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

42.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

### *Individual Plaintiffs*

43.     Plaintiffs are former employees of Defendants who were employed as cooks. However, throughout Plaintiff Cipriano's first year of employment, he was also ostensibly employed as a delivery worker and a dishwasher.

44.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

### *Plaintiff Rulder A. Rodriguez Yax*

45.     Plaintiff Rodriguez was employed by Defendants from approximately 2006 until on or about December 31, 2015.

46.     Defendants employed Plaintiff Rodriguez as a cook.

47.     Plaintiff Rodriguez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

48.     Plaintiff Rodriguez's work duties required neither discretion nor independent judgment.

49.     Throughout his employment with Defendants, Plaintiff Rodriguez regularly worked in excess of 40 hours per week.

50.     From approximately March 2012 until on or about December 31, 2015, Plaintiff Rodriguez worked as a cook from approximately 8:00 a.m. until on or about 8:00 p.m., 3 days a week and from approximately 8:00 a.m. until on or about 10:00 p.m., 3 days a week (typically 78 hours per week).

51.     Throughout his employment, Defendants paid Plaintiff Rodriguez his wages in cash.

52.     From approximately March 2012 until on or about December 31, 2015, Defendants paid Plaintiff Rodriguez a fixed salary of $550 per week.

53.     Plaintiff Rodriguez's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

54.     For example, Defendants required Plaintiff Rodriguez to work an additional 1 hour to 2 hours past his scheduled departure time three days a week, and did not pay him for the additional time he worked.

55.     Defendants never granted Plaintiff Rodriguez any breaks or meal periods of any kind.

56.     Plaintiff Rodriguez was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

57.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Rodriguez regarding overtime and wages under the FLSA and NYLL.

58.     Defendants did not provide Plaintiff Rodriguez an accurate statement of wages, as required by NYLL 195(3).

59.     Defendants did not give any notice to Plaintiff Rodriguez, in English and in Spanish (Plaintiff Rodriguez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Luis Fernando Cipriano Capir*

60.     Plaintiff Cipriano was employed by Defendants from approximately March 2016 until on or about June 2017.

61.     Defendants ostensibly employed Plaintiff Cipriano as a dishwasher, delivery worker, and cook.

62.     However, Plaintiff Cipriano was also required to spend a significant portion of his work day performing the non-tipped duties described above.

63.     Although Plaintiff Cipriano ostensibly was employed as a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

64.     Plaintiff Cipriano regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

65.     Plaintiff Cipriano's work duties required neither discretion nor independent judgment.

66.     Throughout his employment with Defendants, Plaintiff Cipriano regularly worked in excess of 40 hours per week.

67.     From approximately March 2016 until on or about March 2017, Plaintiff Cipriano worked as a dishwasher and delivery worker, and from approximately March 2017 until on or about June 2017, Plaintiff Cipriano worked as a cook, occasionally washing dishes and making

deliveries, from approximately 9:00 a.m. until on or about 9:30 p.m., 4 days a week and from approximately 9:00 a.m. until on or about 10:00 p.m., 2 days a week (typically 75.2 hours per week).

68. Throughout his employment, Defendants paid Plaintiff Cipriano his wages in cash.

69. From approximately March 2016 until on or about March 2017, Defendants paid Plaintiff Cipriano a fixed salary of $350 per week.

70. From approximately March 2017 until on or about June 2017, Defendants paid Plaintiff Cipriano a fixed salary of $500 per week.

71. Plaintiff Cipriano's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

72. For example, Defendants required Plaintiff Cipriano to work an additional 30 minutes past his scheduled departure time two days a week, and did not pay him for the additional time he worked.

73. Defendants never granted Plaintiff Cipriano any breaks or meal periods of any kind.

74. Plaintiff Cipriano was never notified by Defendants that his tips were being included as an offset for wages.

75. Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Cipriano's wages.

76. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Cipriano regarding overtime and wages under the FLSA and NYLL.

77. Defendants did not provide Plaintiff Cipriano an accurate statement of wages, as required by NYLL 195(3).

- 13 -

78.     Defendants did not give any notice to Plaintiff Cipriano, in English and in Spanish (Plaintiff Cipriano's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

79.     Defendants required Plaintiff Cipriano to purchase "tools of the trade" with his own funds—including a bicycle, a chain and a lock.

*Defendants' General Employment Practices*

80.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

81.     Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

82.     Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, and resulting in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

83.     Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

84.     Defendants required Plaintiff Cipriano to perform general non-tipped tasks in addition to his primary duties as a delivery worker. Plaintiff Cipriano and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing non-tipped duties.

85.    Plaintiff Cipriano and all other tipped workers were paid at a rate that was at or below the tip-credit rate by Defendants.

86.    However, under state law, Defendants were not entitled to a tip credit because Plaintiff Cipriano's (and all other tipped worker's') non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

87.    New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

88.    Plaintiff Cipriano's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general restaurant work duties, including the non-tipped duties described above.

89.    In violation of federal and state law as codified above, Defendants classified Plaintiff Cipriano and other tipped workers as tipped employees, and paid them at a rate that was at or lower than the required tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

90.    Defendants failed to inform Plaintiff Cipriano that Defendants intended to take a deduction against Plaintiff Cipriano's earned wages for tip income, as required by the NYLL before any deduction may be taken.

91.    Defendants failed to inform Plaintiff Cipriano, that his tips were being credited towards the payment of the minimum wage.

92.     Defendants failed to maintain a record of tips earned by Plaintiff Cipriano for the tips he received.

93.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records for Plaintiff Rodriguez.

94.     Plaintiffs were paid their wages in cash.

95.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

96.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

97.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

98.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

99.     Defendants failed to provide Plaintiffs  and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the

number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

100.   Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and in Spanish (the employees' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

101.   Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

102.   At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records required by the FLSA.

103.     The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

104.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

105.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

106.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

107.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

108.     Defendants failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

109.     Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

110.     Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

111.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

112.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

113.    Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

114.    Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

115.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

116.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

117.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

118.    Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

119.    Plaintiffs were damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

120.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

121.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

122.     Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

123.     Plaintiffs were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

## OF THE NEW YORK COMMISSIONER OF LABOR

124.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

125.     Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

126.     Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

127.     Plaintiffs were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

128.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

129.     Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid

by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

130. Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

131. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

132. With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

133. Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

134.  Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

135.  Defendants required Plaintiff Cipriano to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

136.  Plaintiff Cipriano was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

137.  Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

138.  Defendants did not pay Plaintiffs on a regular weekly basis, in violation of NYLL §191.

139.  Defendants are liable to each Plaintiff in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)      Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)      Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA Class members;

(f)     Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs;

(k)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiffs;

(l)     Declaring that Defendants violated the notice and recordkeeping requirements of

the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(m)     Declaring that Defendants' violations of the NYLL and the spread of hours wage order were willful as to Plaintiffs;

(n)     Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(o)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)     Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(r)     Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(s)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)     All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated:  New York, New York
        July 30, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:        /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*